UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT PENTON | * | CIVIL ACTION NO.: 2:12-CV-0799 |
| | * | |
| VERSUS | * | SECTION "R" |
| | * | CHIEF JUDGE SARAH VANCE |
| DAIGLE TOWING SERVICE, LLC | * | |
| ALBERT & JUDY, LLC | * | |
| | * | MAGISTRATE (4) |
| *  *  *  *  *  *  * | * | JUDGE KAREN WELLS ROBY |

### MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendants, Daigle Towing Service, LLC and Albert & Judy, LLC (collectively "Albert & Judy") respectfully move this Court to set aside the Order granting plaintiff, Robert P. Penton's ("Mr. Penton's") Motion for Default (Rec. Doc. 8) pursuant to Fed. R. Civ. Proc. 55(c).  Albert & Judy further respectfully moves this Court to allow it ten days to file responsive pleadings.

### Background Facts

Mr. Penton filed suit against Albert & Judy on March 26, 2012 under the Jones Act and general maritime law.  Mr. Penton claims he injured his spine while attempting to pull a starboard cable from a winch on the M/V BAROID, a vessel in navigation owned and operated by Albert & Judy.  He filed suit under the Jones Act and general maritime law.  Mr. Penton seeks $4,000,000 in compensatory and punitive damages, as well as maintenance and cure.  Albert & Judy has been paying and is continuing to pay maintenance and cure to Mr. Penton.

Albert & Judy's answer was due on April 17, 2012.  There are two principal causes for Albert & Judy's brief delay and resultant untimely answer.  The first is human error on the part of Albert & Judy, which received, but overlooked, the summons, believing the lawsuit had also been forwarded to appropriate persons.  Second, even though Mr. Penton's counsel was in regular contact with Mr. Jack Hoyle, an adjuster who was speaking with Mr. Penton's counsel regarding the claim and payment of maintenance and cure, and even though Mr. Hoyle was the

1

sole representative of Albert & Judy with whom Mr. Penton's counsel was in contact, Mr. Penton's counsel never made any mention to Mr. Hoyle that suit had been filed.  Mr. Hoyle fortuitously learned that suit had been filed on May 9, 2012 in a discussion with Mr. Penton's counsel's paralegal.[1]  He immediately enlisted the assistance of undersigned counsel.

This motion to set aside the default judgment is being filed within twenty-four hours of Albert & Judy's underwriters being made aware suit had been filed, within thirty days of when its Answer was due, and within three days of this Court entering an order of default.  No discovery has taken place.  Allowing Albert & Judy ten days to file responsive pleadings will not prejudice the plaintiff.  Conversely, maintaining the default judgment against Albert & Judy would prejudice Albert & Judy's defense and this Court's ability to have a full hearing of the facts.  Therefore Albert & Judy respectfully moves this Court to set aside the default judgment.

## Law and Argument

**Standard of Review:  Rule 55(c)**

Fed. R. Civ. Proc. 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  In determining whether good cause exists to set aside an entry of default, the Court considers whether the default was willful; whether setting it aside would prejudice the adversary; whether a meritorious defense is presented; whether the public interest was implicated; whether there was significant financial loss to the defendant; and whether the defendant acted expeditiously to correct the default. See *Your Preferred Printer, LLC v. United Wholesale, LLC*, 2012 WL 1398610 (E.D.La.), citing *Jenkins & Gilchrest v.Groia & Co.,* 542 F.3d 114, 119 (5th Cir. 2008).

The Court need not necessarily consider each of these factors; "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause.' " *Id.* The wilfulness and meritorious defense factors, however, may be dispositive. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). "Defaults

---

[1] See attached affidavit of Mr. J.R. Hoyle, adjuster for Albert & Judy, attached hereto as Exhibit "1."

are not favored and their strict enforcement has no place in the Federal Rules …[E]ntries of default are serious; where there are no intervening equities, any doubt should be resolved in favor of the movant to the end of securing a trial upon the merits." *Id.* "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. That decision necessarily is informed by equitable principles." *Id.* It is left to the court's discretion to determine whether entry of a default should be set aside. *Hargray v. City of New Orleans*, 12 F.3d 1099 (5th Cir. 1993). Here, all factors weigh in favor of setting aside the default judgment.

**Albert & Judy has meritorious defenses to Mr. Penton's allegations**

Albert & Judy respectfully submits that it has meritorious defenses to Mr. Penton claims. Mr. Penton alleges in the Complaint as follows:

> on or about December 6, 2011, he was caused injuries to his thoracic spine, lumbar spine and cervical spine while attempting to pull a starboard cable from the winch, when without warning it jammed causing him to fall while aboard the M/V Baroid. Complaint, Rec. Doc. 1, Paragraph III.

In contrast to the Complaint, the accident report and initial medical evaluation indicate Mr. Penton did not fall, nor did the wire jam without warning. Instead, in the accident report, Mr. Penton alleges he was "trying to pull slack in face wire to make up boat to barge. Wire got caught. Pull me awkwardly, pain went from my neck to my legs."[2]

Mr. Penton also did not report having fallen to the physician from whom he sought treatment, Dr. Jerome Kurpel. Dr. Kurpel reported Mr. Penton's history as "attempting to adjust the cable that was in a wrench screw, which apparently was stuck; when he attempted to pull, he heard a sudden snap on his lower back area [. . .][3] Based on the differing accounts of how the accident occurred, Albert & Judy respectfully submits it is in the interest of justice to allow cross-examination and an adversarial proceeding to determine how much fault, if any, is assignable to Mr. Penton and how much to Albert & Judy.

---

[2] Attached hereto as Exhibit "2."
[3] Attached hereto as Exhibit "3."

3

Second, Albert & Judy anticipates Mr. Penton will claim permanent restrictions as a result of his alleged accident so he cannot return to work on vessels. Albert & Judy should have the opportunity to conduct medical discovery regarding the nature and extent of Mr. Penton's alleged injuries. This is all the more important because Mr. Penton underwent a lumbar fusion in 2001 and returned to work as a tankerman the next year.[4] Based on this prior surgery, Albert & Judy submits there are meritorious defenses as to Mr. Penton's allegations of causation, liability, and damages. Albert & Judy would be prejudiced by a default judgment. Mr. Penton would not be prejudiced by allowing Albert & Judy to present a defense. Therefore Albert & Judy respectfully moves this Court to set aside the default judgment.

**Mr. Penton was in communication with Mr. Hoyle, as a representative for Albert & Judy, but did not inform Mr. Hoyle suit had been filed.**

Mr. Penton's counsel served Albert & Judy through its registered agent. Because Albert & Judy's principal did not realize he alone had been served, he did not notify Mr. Hoyle or his broker. This does not amount to willful delay in filing responsive pleadings, nor does it merit the harsh remedy of a default judgment.

If Mr. Penton feared prejudice to his case though Albert & Judy's untimely answer, Mr. Penton had an open alternative: he could have notified the claims adjuster for Albert & Judy. Even before filing suit, Mr. Penton's counsel was interacting with Mr. Jack Hoyle, the adjuster appointed by Albert & Judy's underwriters. Mr. Hoyle instituted payment of maintenance to Mr. Penton and has been approving Mr. Penton's cure through Mr. Penton's chosen physicians.[5] Albert & Judy, through Mr. Hoyle, paid for Mr. Penton's end-of-voyage wages. For all purposes, Mr. Hoyle was acting as the representative of Albert & Judy. He was the only person with whom Mr. Penton's counsel's office was interacting.

---

[4] Mr. Penton's employment application is attached hereto as Exhibit "4."
[5] See affidavit of Jack Hoyle, Exhibit "A." See also Payment ledger of Mr. Hoyle, Exhibit A-1 and signed request for approval to Mr. Hoyle for cure, dated March 28, 2012.

4

Mr. Hoyle sent correspondence to Mr. Penton's counsel's office on four occasions:

1. December 29, 2011, notifying Mr. Penton's counsel that Mr. Hoyle has become involved in the investigation and handling of Mr. Penton's claim;

2. January 17, 2012, regarding payment of maintenance and cure;

3. Addressing payment for Mr. Penton for end-of-voyage wages; and,

4. On March 29, 2012, regarding payment guarantees for certain medical procedures.

This last correspondence is telling: Mr. Hoyle notes his hope that "this claim can be amicably handled and resolved in the future." At the same time, Mr. Penton's counsel had already filed suit. From January 17, 2012 through May 8, 2012, Albert & Judy has incurred in excess of $25,000 in maintenance and cure expenses. Throughout, Mr. Penton's counsel made no mention that suit had been filed, that an answer was due, or that Mr. Penton had moved for default judgment.[6]

In *Sharif v. Decatur Hotels, LLC*, 2011 WL 5403139 (E.D. La.), Judge Zainey set aside a default for similar reasons. The plaintiff had "extensive contact" with the defendant's president and co-manager, Scott Day, and could have requested a waiver of service. "It is clear to the Court," Judge Zainey ruled," that [plaintiff] easily could have made [defendant] aware of the second lawsuit and of the default proceedings had [plaintiff] really wanted to do that [. . .] In other words, Sharif might have been less than interested in effectively serving Decatur and thereby having to defend the case on the merits." *Id.* at *3. Therefore Judge Zainey set aside the default. Albert & Judy surely has some blame for failure to file an answer timely. However, that blame is the result of oversight. In comparison, Mr. Penton chose to default Albert & Judy, rather than inform Mr. Hoyle that suit had been filed. This was at least an egregious oversight and at most a conscious choice for Mr. Penton's strategic benefit. In either event, Mr. Penton should not be allowed to default Albert & Judy: principles of equity demand that Mr. Penton not profit from his unclean hands.

---

[6] See *Id.*

**Mr. Penton has not been prejudiced.**

Setting aside the default will not prejudice Mr. Penton because it has been well less than thirty days since Albert & Judy's answer was due and less than a week since the default was granted. Mere delay does not constitute prejudice sufficient to avoid setting aside a default. See *Lacy v.Sitel Corp.*, 227 F.3d, 290, 293 (5th Cir. 2000). Requiring Mr. Penton to litigate his claims on the merits does not cause prejudice. *General Telephone Corp. v. General Telephone Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) ("the setting aside of the default has done no harm to plaintiff except to require it to prove its case").

**There is a clear line of cases in support of setting aside the default.**

This Court, in *Your Preferred Printer, LLC v. United Wholesale, LLC*, 2012 WL 1398610 (E.D. La.), set aside a default even when the defendant was not "a paragon of diligence" because the defendant presented potentially meritorious defenses and acted expeditiously to cure the default. This Court ruled that "a delay of nine days does not amount to prejudice."[7] Similarly, in *Payton v. Dyncorp Intern.*, 2010 WL 5153443 (E.D. La.), Judge Zainey set aside a default when the defendant, like Albert & Judy, "moved expeditiously to set aside the entry of default" and "nothing has taken place so far in the litigation." In contrast, Judge Zainey did not set aside a default in *Creekridge Capital, LLC v. Louisiana Hosp. Center, LLC*, 2011 WL 2550732 (E.D. La.) on profoundly different grounds. In that case, the defaulted defendant, CHA,

> provided the Court with no explanation as to why it ceased to participate in the litigation of this matter over a year ago. Instead, CHA lay dormant while the other parties in the case came to a resolution amenable to all parties still participating. Presumably, the agreed-upon resolution included the understanding that the parties would secure default judgments against the absent CHA. Now, at the eleventh hour, CHA seeks to raise legal arguments that should have been litigated in due course during the pendency of the case. The Court concludes that setting aside the default and re-opening the case to permit CHA to conduct the litigation it should have conducted months ago would prejudice the cross-claim

---

[7] *Id.* (internal citations omitted).

plaintiffs who have already agreed to permit judgments to be entered against them in favor of plaintiff.

The facts *sub judice* are akin to *Payton*, *Your Preferred Printer*, and *Sharif*, not *Creekridge Capital*. Therefore Albert & Judy respectfully moves this Court to set aside the default judgment and allow this matter to proceed adversarially.

## Conclusion

For the foregoing reasons, defendants, Daigle Towing, LLC and Albert & Judy, LLC, respectfully move this Court to set aside the default judgment and allow defendants ten days to file responsive pleadings.

Respectfully submitted,

**DUNCAN & SEVIN, L.L.C.**

_____
**KELLEY A. SEVIN T.A. (#25871)**
**ELTON F. DUNCAN III, (#14967)**
**HARRY E. MORSE (#31515)**
400 Poydras Street, Suite 1200
New Orleans, LA  70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: eduncan@duncansevin.com
E-Mail: ksevin@duncansevin.com
E-Mail: hmorse@duncansevin.com
Attorneys for Defendants,
Daigle Towing, LLC and Albert & Judy, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, this 10th day of May, 2011.

_____