UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT PENTON — CIVIL ACTION

VERSUS — NO: 12-799

DAIGLE TOWING SERVICE, LLC and ALBERT & JUDY, LLC — SECTION: R

**ORDER AND REASONS**

Defendants Daigle Towing Service, LLC and Albert & Judy, LLC (collectively, "Albert & Judy") move the Court to set aside the default entered against them.[1] Because defendants have shown good cause, the Court GRANTS the motion.

## I. BACKGROUND

This dispute arises out of an accident in which plaintiff, a third captain employed by defendants, allegedly fell while attempting to pull a starboard cable from the winch aboard the *M/V Baroid*, a vessel owned by defendants. Plaintiff contends that the cable jammed, causing his fall and the resulting injuries to his spine. He sues defendants for negligence and the unseaworthiness of the vessel.[2]

---

[1] R. Doc. 9. Defendants have styled their motion as one to set aside a default *judgment*. As a judgment has not yet been entered, the Court will interpret defendants' motion as a request to set aside the default. *See* Fed. R. Civ. P. 55(c) (noting that a court may set aside an entry of default for good cause, and may set aside a default *judgment* under Rule 60(b)).

[2] R. Doc. 1.

Defendants’ responsive pleadings were due on April 17, 2012. When they failed to file an answer by that date, plaintiff moved for an entry of default,[3] which the Clerk of Court granted on May 7, 2012.[4] Defendants moved to set aside the default three days later on May 10,[5] filed an answer on May 30 that was stricken because of a deficiency,[6] and filed a corrected answer on June 11.

In their motion to set aside the default, defendants cite two principal causes for failing to answer plaintiff's complaint within the allotted time. First, they point to “human error,” contending that they received but overlooked the summons, believing that the lawsuit had been forwarded to appropriate persons. Second, defendants contend that although plaintiff's counsel was in regular contact with defendants' adjuster, plaintiff's counsel never mentioned that he had filed suit against defendants. Rather, the adjuster learned of the suit during a discussion with a plaintiff's counsel's paralegal on May 9, two days *after* the Clerk of Court had entered the default. Defendants contend, therefore, that plaintiff’s counsel shares in the blame.

---

[3] R. Doc. 7.

[4] R. Doc. 8.

[5] R. Doc. 9.

[6] R. Doc. 12.

Plaintiff opposes defendants' motion.[7] He notes that service was proper, and argues that the Court should not set aside the default based merely on the defendants' unsupported claims of "human error."

## II. STANDARD

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In determining whether good cause exists to set aside an entry of default, the Court considers: "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). These factors are not exclusive but used instead as a means to identify good cause, and "other factors may be considered, such as whether the party acted expeditiously to correct the default." *Id.*

## III. DISCUSSION

Having considered the parties' arguments, the Court grants defendants' motion to set aside the default. First, there is no

[7] R. Doc. 17.

evidence that the defendants willfully delayed in answering plaintiff’s complaint, not does plaintiff even suggest a willful delay. By all accounts, the delay was merely negligent, and could have been avoided had plaintiff’s counsel alerted defendants’ adjuster when defendants did not immediately file responsive pleadings. *Cf. Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (deciding, on a motion to vacate judgment under Federal Rule of Civil Procedure 60(b), that “the plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct”). Even if there *were* some evidence of willfulness, “any doubt should, as a general proposition, be resolved in favor of ... securing a trial upon the merits.” *Jenkens & Gilchrist a Prof'l Corp. v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008).

Further, defendants were expeditious in moving to correct the default only three days after its entry. They filed an answer (albeit a deficient one) three weeks later, and filed a corrected answer less than two weeks after that. Plaintiff has failed to explain how setting aside the default after a modest delay in the early stages of litigation would cause him any prejudice. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (noting that “mere delay does not alone constitute prejudice,” and a plaintiff must show that the delay “will result in the loss of evidence, increased difficulties in discovery, or greater

opportunities for fraud and collusion”); *Lambert v. Bd. of Comm’rs of the Orleans Levee Dist.*, 2006 WL 1581262, at *3 (E.D. La. 2006) (no prejudice to plaintiff when litigation is in its early stages).

Finally, the Court finds that defendants have potentially meritorious defenses as to plaintiff’s allegations of liability, causation, and damages. Discrepancies between the complaint on one hand, and the accident report and initial medical evaluation on the other, present some uncertainty as to the actual events that led to the accident.[8] For example, the complaint alleges that the plaintiff fell when the cable jammed unexpectedly, while the accident report and medical evaluation contain no mention of a fall, nor an unexpected jamming of the cable. Fact discovery should indicate whether any fault for the incident is attributable to plaintiff’s negligence. Further, medical discovery should indicate whether the alleged injury is actually attributable to a past back injury for which plaintiff underwent a lumbar fusion in 2001, and whether plaintiff will be able to return to work aboard vessels in the future.

“Defaults are not favored and their strict enforcement has no place in the Federal Rules.” *Effjohn*, 346 F.3d at 563 (internal quotation marks omitted). Thus, the good cause requirement “has generally been interpreted liberally.” *Id.* The

---

[8] *Compare* R. Doc. 1 at 2 *with* R. Doc. 9-3 at 11-14.

Court finds that defendants have shown good cause for setting aside the entry of default in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to set aside default entered against defendants on May 7, 2012.

New Orleans, Louisiana, this 23rd day of July, 2012.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE